69 F.3d 534
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank Lathan HINTON, Defendant-Appellant.
 No. 95-5095.
 United States Court of Appeals, Fourth Circuit.
 Oct. 25, 1995.
 
 J. Barry McCracken, COOK & MCCRACKEN, Norfolk, Virginia, for Appellant.
 Helen F. Fahey, United States Attorney, Arenda L. Wright Allen, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 Before HALL, Circuit Judge, and BUTZNER and PHILLIPS, Senior Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Frank Lathan Hinton appeals his conviction and sentence pursuant to his guilty plea to being a felon in possession of a firearm which has moved in interstate commerce. 18 U.S.C.A. Sec. 922(g) (West Supp.1995). The Appellant raises three issues on appeal. First, he contends that the district court abused its discretion in refusing to order a psychiatric examination under 18 U.S.C. Sec. 4241(a) (1988). Second, he urges that the court below abused its discretion in denying his motion to withdraw his guilty plea. Third, Appellant suggests that this court consider whether Congress was without the authority to enact Sec. 922(g) in light of the Supreme Court's recent opinion in United States v. Lopez, 63 U.S.L.W. 4343 (U.S.1995). Because we find that the district court acted within its sound discretion and are unconvinced that Lopez affects Congress's power to enact Sec. 922(g), we affirm the conviction and sentence.
 
 
 2
 We begin by noting that the determination of whether to order a psychiatric examination on the issue of competency is a matter left to the discretion of the trial court. See United States v. West, 877 F.2d 281, 285 n. 1 (4th Cir.), cert. denied, 493 U.S. 959 (1989); Hall v. United States, 410 F.2d 653, 657 (4th Cir.), cert. denied, 396 U.S. 970 (1969). There is no evidence that the district court abused its discretion in this regard. The sole evidence of Appellant's lingering cognitive defects from his head wound was Appellant's pro se pleadings describing his symptoms. Those allegations were strongly rebutted by his testimony during his Fed.R.Civ.P. 11 hearing and the quality and clarity of his pro se pleadings. Further, no one other than Appellant observed any of the alleged deficiencies. The court recognized its discretion in the matter, cited the appropriate Fourth Circuit precedent,* and did not rely on erroneous factual or legal premises. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir.1993). There are no grounds to disturb the district court's order on this motion.
 
 
 3
 Neither did the district court abuse its discretion in denying Appellant's motion to withdraw his guilty plea. Appellant contends that his difficulties with his original counsel and the hurried nature of the plea agreement rendered his guilty plea unknowing and involuntary. Appellant bore the burden of showing a "fair and just" reason for the retraction of the plea, notwithstanding the Government's admission that it would not have been prejudiced by the withdrawal. United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 502 U.S. 857 (1991). Again, we review the district court's ruling for an abuse of discretion. United States v. Brown, 617 F.2d 54, 55 (4th Cir.1980).
 
 
 4
 At the heart of the district court's decision on this motion was a credibility determination. The court was faced with drastically conflicting testimony regarding the circumstances of the plea from Appellant and Appellant's original counsel. In applying the six factors of Moore, it is clear that the court resolved the credibility issue in favor of Appellant's counsel. Such determinations are subject to significant deference on appeal. Breeden v. Weinberger, 493 F.2d 1002, 1010 (4th Cir.1974); see Anderson v. Bessemer City, 470 U.S. 564, 575 (1985). Because of this deference, and the fact that on appeal Appellant points to only one inconsistency in counsel's testimony, we cannot say that the district court abused its discretion in refusing to allow Appellant to withdraw his plea.
 
 
 5
 Finally, Appellant argues that the Supreme Court's recent decision in United States v. Lopez, 63 U.S.L.W. 4343 (U.S.1995), mandates reversal of his conviction. We disagree. Two other circuits have considered and rejected similar attacks on the constitutionality of Sec. 922(g). See United States v. Mosby, 60 F.3d 454, 456 (8th Cir.1995); United States v. Hanna, 55 F.3d 1456, 1462 (9th Cir.1995). We find the logic of these decisions persuasive. The "in or affecting commerce" requirement of Sec. 922(g) satisfies the jurisdictional element that the statute at issue in Lopez lacked. Hanna, 55 F.3d at 1462
 
 
 6
 n.2. That language places it squarely within the category of activities Congress may regulate. Mosby, 60 F.3d at 456 n. 3; see Lopez, 63 U.S.L.W. at 4346. Because the statute contains that element, Congress was acting appropriately within its power under the Interstate Commerce Clause. See Lopez, 63 U.S.L.W. at 4346 (describing the three categories of activities Congress may regulate). Consequently, Lopez gives this court no cause to disturb Appellant's conviction.
 
 
 7
 Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Appellant contends that the district court's reliance on West was "misplaced." This contention is overstated. While counsel may be correct in his assertion that West is factually distinguishable, that fact does not suggest that West does not provide the appropriate legal standard for considering motions for psychiatric examinations