**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William Richard TURNER, Defendant–Appellant.**

No. 95–5574.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 21, 1995.

Decided March 4, 1996.

Hugh B. Ward, Jr. (argued and briefed), Office of the U.S. Atty., Knoxville, TN, for plaintiff-appellee.

Leah J. Prewitt (argued and briefed), Federal Defender Services, Knoxville, TN, for defendant-appellant.

Before: NORRIS, SUHRHEINRICH, and GIBSON, Circuit Judges.*

ALAN E. NORRIS, Circuit Judge.

Defendant William Richard Turner appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1988). Turner's sole argument is that § 922(g)(1) violates the Commerce Clause [1] under the standard established by the Supreme Court in *United States v. Lopez,* —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). Finding no constitutional violation, we affirm Turner's conviction.

In 1991, Turner was sentenced to five years' probation for making false statements to the United States Veterans Administration. *See* 18 U.S.C.A. § 1001 (West Supp. 1995). On December 20, 1993, agents of the Bureau of Alcohol, Tobacco, and Firearms executed a search warrant at Turner's residence and found twenty-two firearms, along with a receipt that indicated that Turner had sold five additional firearms earlier that day. Upon the motion of the United States Probation Office, the district court revoked Turner's probation and sentenced him in July of 1994 to six months' confinement in a half-way house, to be followed by three years of supervised release.

On January 25, 1995, the United States charged Turner with violating § 922(g)(1). Turner waived indictment and pleaded guilty to a one-count information that alleged that he, "having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess in and affecting commerce, firearms." On April 13, 1995, the district court once again sentenced Turner to six months' imprisonment and three years of supervised release. Defendant timely appealed.

On appeal, Turner argues that § 922(g)(1) is unconstitutional under *Lopez.* In *Lopez,* the Supreme Court struck down a portion of the Gun–Free School Zones Act of 1990 [2] that made it unlawful "for any individual knowingly to possess a firearm at a place that the individual knows, or has reasonable cause to believe, is a school zone." 18 U.S.C.A. § 922(q)(2)(A) (West Supp.1995) (formerly 18 U.S.C. § 922(q)(1)(A)). The Court delineated three categories of permissible legislation under the Commerce Clause: (1) regulation of "the use of the channels of interstate commerce;" (2) regulation and protection of "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities;" and (3) regulation of "those activities having a substantial relationship to interstate commerce." —— U.S. at —— - ——, 115 S.Ct. at 1629–30.

Section 922(q) failed to pass muster for two reasons. First, the Court noted that § 922(q) is a criminal statute that by its

---

* The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. "The Congress shall have Power ... To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes...." U.S. Const. art. I, § 8, cl. 3.

2. See Crime Control Act of 1990, Pub.L. No. 101–647, § 1702, 1990 U.S.C.C.A.N. (104 Stat.) 4789, 4844–45, *amended by* Violent Crime Control and Law Enforcement Act of 1994, Pub.L. No. 103–322, § 320904, 1994 U.S.C.C.A.N. (108 Stat.) 1796, 2125–26.

terms "has nothing to do with 'commerce' or any sort of economic enterprise, however broadly one might define those terms." — U.S. at ———–———, 115 S.Ct. at 1630–31. Second, the Court pointed to the lack of any "jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." *Id.* at ———, 115 S.Ct. at 1631.

In developing this second point, the Court distinguished § 922(q) from the statute at issue in *United States v. Bass,* 404 U.S. 336, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), which the *Lopez* opinion suggests did contain the sort of "express jurisdictional element" that would bring a criminal statute within the commerce power. *Lopez,* — U.S. at ——, 115 S.Ct. at 1631. At issue in *Bass* was the predecessor of the very statute under which Turner was convicted. *See* Omnibus Crime Control and Safe Streets Act of 1968, Pub.L. No. 90–351, § 1202(a), 82 Stat. 197, 236 (1969). The relevant portion of § 1202(a) made it unlawful for any person who had been convicted of a felony to "possess[ ] . . . in commerce or affecting commerce . . . any firearm." While the *Bass* Court did not decide the constitutionality of § 1202(a), the citation of *Bass* in *Lopez* strongly implies that the jurisdictional element was sufficient.

The language of § 922(g) relevant to Turner's appeal is as follows: "It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm. . . ." Turner argues that the requisite element of "in or affecting commerce" is insufficient to fall within the rule of *Lopez.* We disagree.

Every court of appeals that has been faced with this question since *Lopez* has held that the jurisdictional element of § 922(g) provides the requisite nexus with interstate commerce that § 922(q) lacked. *See, e.g., United States v. Sorrentino,* 72 F.3d 294, 296 (2d Cir.1995); *United States v. Hinton,* No. 95–5095, 1995 WL 623876, at *2 (4th Cir. Oct. 25, 1995) (per curiam) (unpublished), *cert. denied,* — U.S. ——, 116 S.Ct. 1026, 134 L.Ed.2d 104 (1996) ; *United States v. Lee,* 72 F.3d 55, 58 (7th Cir.1995); *United States v.*

*Shelton,* 66 F.3d 991, 992–93 (8th Cir.1995) (per curiam); *United States v. Collins,* 61 F.3d 1379, 1383–84 (9th Cir.) *cert. denied,* — U.S. ——, 116 S.Ct. 543, 133 L.Ed.2d 446 (1995); *United States v. Bolton,* 68 F.3d 396, 400 (10th Cir.1995), *cert. denied,* — U.S. ——, 116 S.Ct. 966, 133 L.Ed.2d 887 (1996). In addition, an unpublished opinion in our own circuit has upheld § 922(g) against a Commerce Clause challenge. *United States v. Farris,* No. 94–3920, 1995 WL 592054, at *6 n. 1 (6th Cir. Oct. 5, 1995) (per curiam) (unpublished).

Requiring the government in each case to prove that a felon has possessed a firearm "in or affecting commerce" ensures that the firearm possession in question affects interstate commerce and saves § 922(g) from the jurisdictional defect that doomed § 922(q). Accordingly, we hold that § 922(g)(1) represents a valid exercise of legislative power under the Commerce Clause. Turner's conviction is, therefore, **affirmed.**