85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Allen HOWARD, Defendant-Appellant.
 No. 95-6107.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1996.
 
 Before: MILBURN and BOGGS, Circuit Judges; QUIST*, District Judge.
 MILBURN, Circuit Judge.
 
 
 1
 Defendant David Howard appeals his conviction following his conditional guilty plea to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). On appeal, the issues are (1) whether the district court erred in denying defendant's motion to suppress evidence, and (2) whether the district court erred in denying defendant's motion to dismiss the indictment, which challenged the constitutionality of 18 U.S.C. § 922(g). For the reasons that follow, we affirm.
 
 I.
 A.
 
 2
 At approximately 11:00 p.m. on August 29, 1993, an emergency call was made from a Hardee's restaurant located on Chapman Highway in Knoxville, Tennessee. The caller stated that two white men wearing blue bandannas and brandishing weapons had come into Hardee's. After an unsuccessful robbery attempt, the two men fled the restaurant on foot.
 
 
 3
 Officer Jason Legg of the Knoxville Police Department was approximately two miles away from Hardee's and immediately drove in that direction after getting the radio communication notifying him of the attempted robbery. Instead of going directly to Hardee's, Legg drove down a side street to look for anything out of the ordinary in an effort to apprehend the two men.
 
 
 4
 Officer Legg saw a yellow Datsun carrying defendant Howard and two other men. After Legg pulled the Datsun over, a search of the men and the car was conducted. The three occupants were arrested for armed robbery, possession of weapons, and possession of marijuana. Based on a statement made by a passenger in the Datsun, Joshua Garren, concerning defendant's involvement in the attempted armed robbery, a search warrant was obtained and later executed at Howard's home on September 4, 1993, where another firearm was found.
 
 
 5
 The circumstances surrounding the stop of the Datsun are in dispute. Officer Legg testified that as he turned down Woodlawn Pike, which was one block from Hardee's, he saw a yellow Datsun coming up Southwood. Legg testified that he observed the car turn onto Woodlawn without stopping and that it fishtailed in the turn due to its high rate of speed. There were two passengers in the front of the Datsun and one in the backseat. Legg testified that the passenger in the backseat turned to see the patrol car and then ducked back down in the seat. Because the Datsun was driving erratically and at a high rate of speed, Legg activated his emergency equipment and pulled the car over. Legg further testified that he could have pulled the Datsun over for a number of reasons including failure to yield and reckless driving.
 
 
 6
 Defendant Howard testified along with the other passengers that the Datsun was not speeding, properly turned onto Woodlawn, and never fishtailed. Charles Brown, an investigator for Howard, also testified that he attempted to drive in the manner Officer Legg described and determined that it was impossible to do so. Officer Legg allegedly made comments to Brown in conflict with his testimony. Defendant also presented a video tape allegedly illustrating his argument that Officer Legg could not have had a very good view of the Woodlawn and Southwood intersection.
 
 B.
 
 7
 On April 5, 1994, Howard was indicted and charged with two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). On December 22, 1994, defendant filed a motion to suppress the evidence obtained from the search of his car and his home, charging that Officer Legg did not have a reasonable suspicion for stopping the car. After a hearing addressing defendant's motion to suppress, the magistrate judge recommended denial of defendant's motion on February 28, 1995. On April 14, 1995, the district court adopted the findings and recommendation of the magistrate judge.
 
 
 8
 On April 24, 1995, pursuant to Federal Rule of Criminal Procedure 11(a)(2), defendant made a conditional plea of guilty to count one of the indictment, reserving his right to appeal the district court's denial of his motion to suppress. On June 13, 1995, defendant filed a motion to withdraw his guilty plea and to dismiss the indictment. The motion was based on the assertion that 18 U.S.C. § 922(g) is unconstitutional in light of the recent United States Supreme Court decision in United States v. Lopez, 115 S.Ct. 1624 (1995). On June 26, 1995, the magistrate judge recommended that the motion to dismiss be denied, and the district court denied that motion on August 7, 1995.
 
 
 9
 On August 8, 1995, the district court sentenced defendant to eighty-four months imprisonment followed by three years of supervised release. This timely appeal followed.
 
 II.
 A.
 
 10
 First, defendant argues that the stop of the car was unlawful and that the evidence it led to should be suppressed. We review a district court's factual findings in the denial of a motion to suppress under the clearly erroneous standard of review. United States v. Smith, 73 F.3d 1414, 1416 (6th Cir.1996). The district court's conclusions of law are reviewed de novo. Id. We must review the evidence in the light most favorable to the government. Id.
 
 
 11
 In Terry v. Ohio, 392 U.S. 1 (1968), the Supreme Court recognized that police may conduct certain investigative searches "for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest" as long as the officer can "point to specific and articulable facts" arousing reasonable suspicion of criminal activity. Id. at 21-22. See also United States v. Hardnett, 804 F.2d 353, 355-56 (6th Cir.1986), cert. denied, 479 U.S. 1097 (1987). The specific and articulable facts required to constitute reasonable suspicion need not be sufficient in isolation but are to be considered " 'based upon an assessment of all circumstances surrounding the actions of a suspected wrongdoer[,]' including those facts that would arouse suspicion only in someone experienced in law enforcement matters." United States v. Garza, 10 F.3d 1241, 1245 (6th Cir.1993) (citing United States v. Knox, 839 F.2d 285, 290 (6th Cir.1988), cert. denied, 490 U.S. 1019 (1989)). In Michigan v. Long, 463 U.S. 1032, 1034-35 (1983), investigative searches of a passenger compartment of an automobile were upheld as long as the officer had a reasonable suspicion that the vehicle contained dangerous weapons.
 
 
 12
 A two-part test is applied to determine whether an investigative stop is valid. First, there must be an articulable suspicion for the officer's behavior, and, second, the methods used to detain and investigate must have been reasonable under the circumstances. Hardnett, 804 F.2d at 356. Moreover, an officer can lawfully stop a car which has been driven in such a manner as to establish probable cause in the officer's mind "to believe that a traffic offense had occurred regardless of whether this was the only basis or merely one basis for the stop." United States v. Ferguson, 8 F.3d 385, 391 (6th Cir.1993) (en banc), cert. denied, 115 S.Ct. 97 (1994); see also United States v. Harvey, 16 F.3d 109, 111 (6th Cir.), cert. denied, 115 S.Ct. 258 (1994).
 
 
 13
 Defendant points to several inconsistencies in the testimony of Officer Legg as proof that Legg did not have a reasonable suspicion to stop the Datsun in which defendant was traveling. Primarily, defendant focuses on Officer Legg's inconsistencies as to whether the Datsun crossed the center line, whether the Datsun failed to yield, whether defendant was intoxicated or high on marijuana, and whether defendant admitted to Legg that he had robbed Hardee's.[1] However, the district court correctly determined that those inconsistencies were unrelated to the critical facts necessary for Officer Legg to form an articulable basis to suspect the passengers in the Datsun of criminal activity. As stated by the district court in denying defendant's motion to suppress,
 
 
 14
 the following facts were consistent and believable, as well as specific and articulable, and supported Officer Legg's reasonable suspicion that the Datsun was connected to the attempted armed robbery of the Hardees: [sic] (1) Officer Legg knew that an attempted armed robbery had just occurred at the Hardees [sic] restaurant on Chapman Highway and the suspects fled out the back of the restaurant; (2) it was Officer Legg's experience that persons fleeing from a crime scene may be found in the vicinity immediately after an incident so he was looking in that area for anything out of the ordinary; (3) the Datsun was seen within a block behind the Hardees, [sic] coming from the direction of the restaurant; (4) the vehicle was seen by Officer Legg within five minutes of the attempted armed robbery; (5) it was Officer Legg's perception that the Datsun was speeding and he radioed that information to the dispatcher; (6) the Datsun turned off Woodlawn Pike after traveling only a very short distance; (7) there were two individuals in the front seat; and (8) a third individual raised his head and looked out the back window before disappearing in the back seat.
 
 
 15
 J.A. 102-03. None of those facts were impeached by defendant's evidence at the suppression hearing. Moreover, the magistrate judge specifically concluded that the testimony of defendant and the two other passengers in the Datsun was not credible. Thus, Officer Legg had a reasonable suspicion of criminal activity, and the stop of the Datsun in which defendant was traveling was lawful. Furthermore, given that the men who had attempted to rob Hardee's were armed, a search of the passengers in the Datsun and the contents of the vehicle was a reasonable investigative procedure. In addition, Officer Legg testified that the driver of the Datsun was violating several traffic laws thereby giving Legg probable cause to stop the Datsun under Ferguson. Accordingly, the district court did not err in denying defendant's motion to suppress. Because the stop was lawfully made, defendant's argument regarding "the fruit of the poisonous tree" need not be addressed.
 
 B.
 
 16
 Second, defendant argues that 18 U.S.C. § 922(g) is facially unconstitutional and that the district court erred in denying his motion to dismiss his indictment. Defendant presents the same argument regarding the constitutionality of § 922(g) in light of United States v. Lopez, 115 S.Ct. 1524 (1994), as was presented by the plaintiff in United States v. Turner, 77 F.3d 887 (6th Cir.1996). In Turner, this court held that § 922(g) was "a valid exercise of legislative power under the Commerce Clause." Turner, 77 F.3d at 889. Therefore, the district court did not err in rejecting defendant's motion to dismiss.
 
 III.
 
 17
 For the reasons stated, the district court's judgment of conviction is AFFIRMED.
 
 
 
 *
 The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 Defendant also testified that he heard Legg say the he stopped the Datsun "on a hunch." Appellant's Brief at 16