85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mary Ann LEMMO, Defendant-Appellant
 No. 95-3998.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1996.
 
 Before: KEITH, KENNEDY, and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Defendant-Appellant, Mary Ann Lemmo, appeals her conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1988). Lemmo's argument on appeal is that the district court erred when it denied her motion to dismiss, which argued that § 922(g)(1) violates the Commerce Clause under the standard established in United States v. Lopez, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). For the reasons that follow we AFFIRM.
 
 I.
 
 2
 On December 3, 1993, Defendant-Appellant Lemmo, a previously convicted felon, purchased a .25 caliber pistol from a gun shop in Bedford Heights, Ohio. Lemmo denied having committed any prior felonies. Lemmo's Presentence Investigation Report ("PSI") indicates that at the time Lemmo purchased the gun, she "was under the supervision of the U.S. Probation Department [for] a 1983 conviction for Possession of Stolen Mail." The PSI further reveals Lemmo has an extensive criminal record as well as a lengthy history of psychological treatment and hospitalization for depression and suicidal tendencies, including an attempt to commit suicide in 1994.
 
 
 3
 On August 16, 1994, a two count indictment was entered against Lemmo. Count One charged a violation of 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm and Count Two charged a violation § 922(g)(a)(6) for making fictitious statements to a firearms dealer.
 
 
 4
 On June 14, 1995, Lemmo filed a motion to dismiss Count One of the Indictment challenging the constitutionality of § 922(g). After the district court denied Lemmo's motion to dismiss on August 23, 1995, Lemmo entered a guilty plea to both counts of the Indictment and was sentenced to 30 months incarceration, followed by three years supervised release and a special assessment of $100.00.
 
 
 5
 Lemmo filed a timely notice of appeal on September 11, 1995.
 
 II.
 
 6
 On appeal, Lemmo argues that § 922(g) is unconstitutional under Lopez, in which the Supreme Court struck down a portion of the Gun-Free School Zones Act of 1990, 18 U.S.C. § 922(q), as impermissible legislation under the Commerce Clause. 115 S.Ct. at 1630-31. The portion of § 922(g) relevant to Lemmo's claim provides, "[i]t shall be unlawful for any person--(1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1). Specifically, Lemmo argues § 922(g) is unconstitutional because the requisite element, "in or affecting commerce," fails to meet the jurisdictional requirements established by Lopez. This Court reviews the district court's conclusions of law de novo. Storer v. French, 58 F.3d 1125 (6th Cir.1995).
 
 
 7
 When confronted with an almost identical constitutional challenge to § 922(g)(1), a panel of this Circuit held that § 922(g)(1) was a valid exercise of Congress' legislative power under the Commerce Clause. See United States v. Turner, 77 F.3d 887 (6th Cir.1996). In Turner, the defendant was charged with being a felon in possession of firearms in violation of § 922(g)(1). Turner, 77 F.3d at 888. As in the case before us today, the Defendant-Appellant in Turner asserted that under the Supreme Court's recent Lopez decision, § 922(g)(1) was unconstitutional. Id. After reviewing Lopez, the Turner panel concluded that "[r]equiring the government prove that a felon has possessed a firearm 'in or affecting commerce' ensures that the firearm possession in question affects interstate commerce and saves § 922(g) from the jurisdictional defect that doomed § 922(q)." Turner, 77 F.3d at 889. As Turner is clearly a controlling case in this instance, Lemmo's claim must fail. See Salmi v. Secretary of Health and Human Services, 774 F.2d 685, 689 (6th Cir.1985) (noting that a panel of this Circuit cannot overrule previous Sixth Circuit panel decisions).
 
 III.
 
 8
 For all of the above reasons, we hold that 18 U.S.C. § 922(g)(1) is not an unconstitutional exercise of Congress' legislative power under the Commerce Clause. Accordingly, the judgment of United States Chief District Judge George W. White is AFFIRMED.