85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee,
v.
Vernon HAYES, Defendant-Appellant.
 No. 95-3221.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1996.
 
 Before: SUHRHEINRICH and COLE, Circuit Judges; EDMUNDS, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Vernon Hayes was convicted of one count of being a felon in possession of a firearm. See 18 U.S.C. § 922(g)(1). Defendant appeals this conviction, arguing that § 922(g)(1) is an invalid exercise of the federal government's power under the Commerce Clause, U.S. Const. art. I, § 8, cl. 3. Defendant also challenges the sufficiency of the evidence. For the reasons that follow, we AFFIRM.
 
 BACKGROUND
 
 2
 On June 22, 1994, Patricia Basnett-Pinkerton ("Pinkerton") became involved in an altercation with defendant Vernon Hayes and defendant's brother, Michael Hayes. Defendant and his brother each threatened Pinkerton with a handgun. At some point, Michael Hayes handed his weapon to defendant and left the scene.
 
 
 3
 Agents David Hayes and Peter Elliot of the Bureau of Alcohol, Tobacco, and Firearms responded to a call from Pinkerton. Upon arriving, Agent Elliot witnessed defendant shooting with two guns into a parked car.[1] After noticing the agents, defendant dropped the weapons and fled.
 
 
 4
 Hayes and Elliot chased defendant. During the chase, Elliot noted that the weapons which had been dropped were a .357 handgun and a small brown Luger. After arresting defendant, the agents returned to retrieve the guns, but they had been moved. After a short search, a Dan Wesson Arms .357 magnum revolver and a brown .22 Stoeger Arms Luger were found lying together. Agent Elliot testified that these were the guns discarded by defendant.
 
 
 5
 Defendant was charged with one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and a second count not relevant to this appeal. Defendant was convicted of violating § 922(g)(1) and sentenced to 120 months imprisonment, to be followed by a three-year term of supervised release.
 
 ANALYSIS
 A. Defendant's Constitutional Challenge
 
 6
 On appeal, defendant argues that 18 U.S.C. § 922(g)(1)[2] violates the Commerce Clause, citing United States v. Lopez, 115 S.Ct. 1624 (1995). In Lopez, the Court held that § 922(q)(2)(A), which forbids the possession of guns in a school zone, lacked any relationship to interstate commerce and was therefore invalid. Id. at 1630-31. Extrapolating from Lopez, defendant contends that § 922(g)(1) also lacks the requisite nexus to interstate commerce.
 
 
 7
 A panel of this court recently upheld the validity of § 922(g)(1), considering and rejecting the same arguments defendant now puts forward. United States v. Turner, 77 F.3d 887, 889 (6th Cir.1996) (ruling that requirement in § 922(g) that the felon possess a firearm "in or affecting commerce" created necessary link to interstate commerce and saved § 922(g) from jurisdictional defect in § 922(q)). See United States v. Bates, 77 F.3d 1101, 1104 (8th Cir.1996) (holding § 922(g)(1) constitutional under Lopez ); United States v. Bell, 70 F.3d 495, 498 (7th Cir.1995) (same). We are bound by the decision in Turner. United States v. Warren, 973 F.2d 1304, 1309 (6th Cir.1992).
 
 
 8
 In the alternative, defendant contends that § 922(g)(1) is unconstitutional as applied to him. The government established at trial that the two guns defendant had possessed were manufactured out of state. Defendant argues that, under Lopez, the government must show that defendant's possession of the guns substantially affected interstate commerce.
 
 
 9
 Defendant misreads Lopez. The federal government may regulate goods in interstate commerce and/or activities having a substantial relationship to interstate commerce. Lopez, 115 S.Ct. at 1629-30. A conviction under 18 U.S.C. § 922(g)(1) may be based on either of these two categories of federal commerce power. Bates, 77 F.3d at 1104.
 
 
 10
 Here, the government demonstrated that the guns were products of interstate commerce by proving that they had been manufactured in a different state. This was more than sufficient to establish the federal government's power to regulate the guns in question. Cf. United States v. Mosby, 60 F.3d 454, 457 (8th Cir.1995) (holding that federal commerce power extends to the regulation of ammunition, assembled within the state of the crime, but consisting of component parts from out of state), cert. denied, 116 S.Ct. 938 (1996).
 
 B. Sufficiency of Evidence
 
 11
 Defendant argues that there is an insufficient evidentiary link between the two guns which were found and the guns which defendant allegedly dropped. Evidence is sufficient to support a criminal conviction if, when viewed in the light most favorable to the prosecution, a rational trier of fact could find all of the essential elements of the crime beyond a reasonable doubt. United States v. Abner, 35 F.3d 251, 253 (6th Cir.1994).
 
 
 12
 Upon review of the record, we conclude that there is ample evidence to support defendant's conviction. Agent Elliot noted that defendant had dropped a .357 magnum and a small brown Luger before pursuing defendant. At trial, Agent Elliot identified the guns which were found as those which defendant had dropped. In addition, Pinkerton testified that the guns produced at trial were the ones which defendant and defendant's brother had previously possessed. The government could have checked the guns for defendant's fingerprints or performed ballistics tests, but such acts were not necessary in light of the testimony connecting defendant to the guns at issue.
 
 CONCLUSION
 
 13
 Defendant's conviction is AFFIRMED.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Pinkerton's daughter, Sirvertta, was in the car at the time. Sirvertta had been in a physical fight with defendant's girlfriend earlier in the day
 
 
 [2]
 Section 922(g) states in relevant part that "it shall be unlawful for any person--(1) who has been convicted [of a felony] ... to ... possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."