85 F.3d 629
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jeffery THOMAS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-4035.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1996.
 
 Before: MARTIN, JONES, and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Jeffery Thomas appeals a district court order denying his motion to vacate sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1994, Thomas pleaded guilty to one count of possessing firearms by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a) and one count of making false statements in the acquisition of firearms in violation of 18 U.S.C. §§ 922(a)(6) and 924(a). The district court sentenced Thomas to 27 months of imprisonment and three years of supervised release and imposed a $100 special assessment. Thomas did not file a direct appeal.
 
 
 3
 Thomas filed a motion to vacate sentence, alleging that: 1) the indictment filed against him was defective; 2) he received ineffective assistance of counsel; and 3) 18 U.S.C. §§ 922(g)(1) and 922(a)(6) are unconstitutional under the Commerce Clause. Over Thomas's objections, the district court adopted the magistrate judge's report and recommendation and denied the motion. Thomas has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly denied Thomas's motion to vacate sentence. In order to obtain habeas relief under 28 U.S.C. § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994). In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence in determining the petitioner's guilty plea. Brecht v. Abrahamson, 507 U.S. 619, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 5
 Thomas is barred from seeking relief on the first and third claims presented in his motion to vacate because he did not raise them in a direct criminal appeal. Claims that could have been but were not raised on direct appeal may not be reviewed under § 2255 unless Thomas demonstrates cause and actual prejudice to excuse his failure to raise the claims previously. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Thomas has not argued cause to excuse his failure to raise the first claim in a direct appeal from his conviction. Cause arguably exists as to his third issue because the claim is based on an intervening change in the law. See Callanan v. United States, 881 F.2d 229, 231 (6th Cir.1989), cert. denied, 494 U.S. 1083 (1990). However, Thomas has not shown prejudice as to either claim because they are without merit.
 
 
 6
 Thomas has not presented any evidence to support his claim that the indictment was defective because it was never presented to a grand jury. His mere speculation is insufficient to warrant § 2255 relief. Further, Thomas was not prejudiced by any failure of his counsel to raise this issue because it is without merit. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Lastly, Thomas's convictions under 18 U.S.C. §§ 922(g)(1) and 922(a)(6) do not violate the Commerce Clause. See United States v. Turner, 77 F.3d 887, 889 (6th Cir.1996).
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.