95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard James WITHEROW, Jr., Defendant-Appellant.
 No. 95-6204.
 United States Court of Appeals, Sixth Circuit.
 Aug. 26, 1996.
 
 Before: ENGEL, SUHRHEINRICH, and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Richard Witherow appeals his conviction under 18 U.S.C. § 922(g), which prohibits any convicted felon from possessing "in or affecting commerce" any firearm or ammunition. He argues that § 922(g) is unconstitutional and that his motion to suppress the gun that formed the basis of his conviction should have been granted. Because this court has already decided that § 922(g) is not unconstitutional, and because we find that the district court did not err in denying Witherow's motion to suppress, we affirm.
 
 I.
 
 2
 Two police officers found Witherow in a car with a gun in the glove compartment on the evening of March 8, 1995. Witherow was arrested and charged with violating § 922(g). He filed a motion to suppress the gun, and the district court held a hearing on the motion. Both officers testified on behalf of the government.
 
 
 3
 According to the officers' testimony, which the court relied on in making its findings, the arrest took place on a street in a housing project in Chattanooga with which they were very familiar. The area was known to be a fertile ground for drug transactions, so the officers were always on the lookout for strangers. Every month, they reviewed a list of the names of the residents in the project, and as they patrolled, they socialized with the residents and took note of which cars the residents owned. On the evening in question, a man ("the informant") flagged down the officers in their patrol car and said that down the road, there was a man in a white car just like the patrol car, without the markings, who was trying to shoot the informant's friend. According to the informant, the man in the car had a gun, which he had just put under his seat.
 
 
 4
 The officers drove in the direction indicated by the informant, and after two blocks they saw a man in a white Ford that looked like their patrol car, which also was a Ford.[1] They had not seen the car in the housing project before. It was parked illegally near a no-parking sign, in an area that the officers called "cocaine alley" because of the number of drug-related incidents they had witnessed there. As the officers pulled up behind the car, the officer in the passenger seat saw the man in the car reach over to the glove compartment. The officers stopped their car, got out, pulled their guns, and asked the man, Witherow, to step out of his car. Witherow stepped out, and upon request gave the officers his consent to search the car. One of the officers found a gun in the closed but unlocked glove compartment.
 
 
 5
 Considering the totality of the circumstances, including the informant's tip and the later corroboration of parts of the tip, the district court found that the officers had been aware of articulable facts giving rise to a reasonable suspicion that Witherow was engaged in criminal activity. The court therefore denied the motion to suppress. Witherow then filed a guilty plea, reserving the right to appeal the denial of the motion to suppress.
 
 II.
 
 6
 On appeal, Witherow's first argument is that under the standard set out in United States v. Lopez, 115 S.Ct. 1624 (1995), in which the Supreme Court held that 18 U.S.C. § 922(q)(1)(A) was an unconstitutional exercise of Congress's power under the Commerce Clause, § 922(g) is likewise unconstitutional. After the filing of the briefs in this case, Witherow's counsel acknowledged that our court specifically rejected this argument in United States v. Turner, 77 F.3d 887 (6th Cir.1996). Nothing in this appeal suggests that we should now revisit Turner.
 
 III.
 
 7
 Witherow's other argument is that the district court erred in finding that the officers had the reasonable suspicion necessary to justify a stop under Terry v. Ohio, 392 U.S. 1 (1968). The government counters that the stop was permissible, focusing on the holding in Michigan v. Long, 463 U.S. 1032, 1049 (1983), that during a Terry stop an officer may search the passenger area of a vehicle if the officer reasonably believes that the suspect is dangerous. This argument is somewhat misplaced in that Witherow challenges not the scope of the officers' search but rather the stop in the first place. In considering Witherow's appeal, we review the district court's findings of fact for clear error and its conclusions of law de novo, and we consider the evidence in the light most favorable to the government. United States v. Garza, 10 F.3d 1241, 1245 (6th Cir.1993).
 
 
 8
 Whereas an arrest must be based on probable cause, an investigative stop may be based on an officer's "reasonable suspicion," supported by "specific and articulable facts," that an individual is engaged in criminal activity. United States v. Hardnett, 804 F.2d 353, 356 (6th Cir.1986) (quoting Terry, 392 U.S. at 21-22), cert. denied, 479 U.S. 1097 (1987). An informant's tip to police about an individual's criminal activity can be enough to induce reasonable suspicion. Alabama v. White, 496 U.S. 325 (1990). However, a court must consider the "totality of the circumstances" in deciding whether a particular tip was sufficient. Relevant factors include the informant's veracity, reliability, and basis of knowledge. Id. at 328.
 
 
 9
 In White, the Supreme Court cautioned against giving too much weight to an anonymous tip over the telephone, because such a tip on its face has few indicia of reliability. Once certain details of a tip have been corroborated, however, more weight may be given, because if "an informant is shown to be right about some things, he is probably right about other facts that he has alleged." Id. at 331. Corroboration of predicted future behavior of the suspected individual carries particular weight, because it shows that the informant had inside information. Id. at 332. The anonymous informant in White told the police that the defendant would leave her apartment at a certain time and drive to a certain motel with an attache case of cocaine. In dicta, the Court noted that the tip alone, lacking any indicia of reliability, would not have justified a Terry stop. Id. at 329. Without confirming the reliability of the informant, once the police corroborated the tip by following the defendant to the predicted destination, however, their suspicion was reasonable and the stop was held to be permissible. Id. at 332.
 
 
 10
 The informant's tip about Witherow was not merely an anonymous telephone call--the officers spoke with the informant in person. This detail, while alone not dispositive, is important; a face-to-face informant is more credible because he has more to fear from giving false information to the police. United States v. Salazar, 945 F.2d 47, 50-51 (2d Cir.1991), cert. denied, 504 U.S. 923 (1992); see Adams v. Williams, 407 U.S. 143, 146-47 (1972). Further, the informant's basis of knowledge was personal: he had seen Witherow in the car with the gun. This eyewitness account made the tip more reliable than it would have been if the informant had merely heard from someone else that Witherow had a gun. United States v. Pasquarille, 20 F.3d 682, 687 (6th Cir.), cert. denied, 115 S.Ct. 481 (1994). The specificity of the tip, in that the informant noted the similarity of Witherow's car to the officers' patrol car, increased its reliability. See United States v. Padro, 52 F.3d 120, 123 (6th Cir.1995) ("The richness of detail provided by an informant increases the reliability of the information.").
 
 
 11
 The officers corroborated the informant's tip to the extent possible by driving in the direction indicated and finding a car meeting the informant's description. Although the officers did not see a gun before they stopped Witherow, one of them saw him reach toward the glove compartment. This view partially corroborated the information that Witherow had a gun. We recognize that the strongest type of corroboration--correct prediction of future events--is not present in this case, but this lack is not fatal to the government's position. The only "prediction" made by the informant was that Witherow was trying to kill the informant's friend. The officers acted reasonably in stopping Witherow before waiting to see if he would take out his gun and fulfill this prophecy.
 
 
 12
 Wholly aside from the informant's tip, the officers testified that their suspicion was aroused by other circumstances, such as that Witherow was sitting in an illegally parked car in the evening in an area known for drug transactions and that they did not recognize him or his vehicle. Together, these facts provide a reasonable basis for the officers' suspicion that Witherow was engaged in criminal activity. As we noted in Garza,
 
 
 13
 [e]ven if each specific fact relied upon by the authorities to make a Terry stop would not be a basis for suspicion when considered in isolation, the reasonable suspicion necessary to support an investigatory stop can still be found when it is "based upon an assessment of all circumstances surrounding the actions of a suspected wrongdoer[,]" including those facts that would arouse suspicion only in someone experienced in law enforcement matters.
 
 
 14
 10 F.3d at 1245 (quoting United States v. Knox, 839 F.2d 285, 290 (6th Cir.1988), cert. denied, 490 U.S. 1019 (1989)) (emphasis in Knox ) (alteration in Garza ). The facts of which the officers were aware, including the tip, aroused their suspicion, and we find that their suspicion was reasonable.
 
 IV.
 
 15
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 The officers' testimony is not clear as to whether the car that they came upon was, like their patrol car, a Crown Victoria model