97 F.3d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth SMITH, Defendant-Appellant.
 No. 95-3997.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1996.
 
 Before: MERRITT, Chief Judge, and WELLFORD and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant, Kenneth Smith, pleaded guilty to making a false statement to a federally-licensed firearms dealer, in violation of 18 U.S.C. § 922(a)(6), and to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In pleading guilty, Smith reserved the right to challenge the denial of his motion to dismiss the second charge, that of being a felon in possession of a firearm. He was sentenced by the district court to 90 months in prison and three years of supervised release.
 
 
 2
 On appeal, Smith contends that the district court erred in denying his motion to dismiss, on the ground that § 922(g) is an unconstitutional exercise of Congress's Commerce Clause power. He relies on the United States Supreme Court's recent decision in United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624 (1995), holding that the Gun-Free School Zone Act of 1990 is unconstitutional because it "neither regulates a commercial activity nor contains a requirement that the possession [of the firearm] be connected in any way to interstate commerce." Id. at 1626. Smith argues that the jurisdictional language contained in § 922(g), i.e., the phrase "in and affecting commerce," is not, standing alone, sufficient to render that section constitutional.
 
 
 3
 Unfortunately for Smith, shortly after the briefs were filed in this appeal, we joined the courts in several other circuits in holding that § 922(g) does represent a valid exercise of Congress's Commerce Clause power. See United States v. Turner, 77 F.3d 887, 889 (6th Cir.1996). That decision is binding in this case.
 
 
 4
 The judgment of the district court is therefore AFFIRMED.