103 F.3d 131
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nohara TOBIAS, Defendant-Appellant.
 No. 96-3165.
 United States Court of Appeals, Sixth Circuit.
 Dec. 09, 1996.
 
 Before: ENGEL, BROWN, and COLE, Circuit Judges.
 
 ORDER
 
 1
 This federal prisoner, through counsel, appeals his conviction and sentence entered on his plea of guilty to violating 18 U.S.C. § 922(g)(1). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Nohara Tobias pleaded guilty to one count of being a felon in possession of a firearm pursuant to a Fed.R.Crim.P. 11 plea agreement and reserved the right to appeal the constitutionality of 18 U.S.C. § 922(g)(1). The district court sentenced Tobias to 70 months of imprisonment and three years of supervised release.
 
 
 3
 In his timely appeal, Tobias claims that 18 U.S.C. § 922(g)(1) is unconstitutional in light of the Supreme Court's recent decision in United States v. Lopez, 115 S.Ct. 1624 (1995). Tobias claims that § 922(g)(1) is unconstitutional because it exceeds Congress's power under the Commerce Clause.
 
 
 4
 The constitutionality of a statute is a question of law and, therefore, subject to de novo review by this court. Storer v. French (In re Storer), 58 F.3d 1125, 1127 (6th Cir.), cert. denied, 116 S.Ct. 520 (1995).
 
 
 5
 Title 28 U.S.C. § 922(g)(1) is not unconstitutional. Tobias contends that the statute is unconstitutional as an improper exercise of Congress's Commerce Clause power. When confronted with an almost identical constitutional challenge to § 922(g)(1), a panel of this circuit held that § 922(g)(1) was a valid exercise of Congress's legislative power under the Commerce Clause. See United States v. Turner, 77 F.3d 887 (6th Cir.1996). In Turner, the defendant was charged with being a felon in possession of firearms in violation of § 922(g)(1). Turner, 77 F.3d at 888. As in this case, the defendant in Turner asserted that under the Supreme Court's recent Lopez decision, § 922(g)(1) was unconstitutional. Id. After reviewing Lopez, the Turner panel concluded that "[r]equiring the government in each case to prove that a felon has possessed a firearm 'in or affecting commerce' ensures that the firearm possession in question affects interstate commerce and saves § 922(g) from the jurisdictional defect that doomed § 922(q)." Turner, 77 F.3d at 889. See also United States v. Chesney, 86 F.3d 564, 567 (6th Cir.1996) (following Turner ).
 
 
 6
 As Turner is clearly a controlling case in this instance, Tobias's claim must fail. See Salmi v. Secretary of Health and Human Servs., 774 F.2d 685, 689 (6th Cir.1985) (noting that a panel of this circuit cannot overrule previous Sixth Circuit panel decisions).
 
 
 7
 Accordingly, the district court's judgment is affirmed .