106 F.3d 402
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Julio Sesa SANTIAGO, Defendant-Appellant.
 No. 96-3179.
 United States Court of Appeals, Sixth Circuit.
 Jan. 30, 1997.
 
 Before: GUY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Julio Sesa Santiago, represented by counsel, appeals his judgment of conviction and sentence. The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In October 1995, Santiago pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). The district court sentenced him to 95 months of imprisonment and two years of supervised release.
 
 
 3
 On appeal, Santiago argues that his § 922(g)(1) conviction is unconstitutional in light of the Supreme Court's decision in United States v. Lopez, 115 S.Ct. 1624 (1995).
 
 
 4
 Upon review, we conclude that Santiago's conviction must be affirmed. This court has held in United States v. Turner, 77 F.3d 887, 889 (6th Cir.1996), that 18 U.S.C. § 922(g)(1) represents a valid exercise of legislative power under the Commerce Clause, and in United States v. Chesney, 86 F.3d 564, 570 (6th Cir.1996), that § 922(g)(1) contains the jurisdictional element necessary to satisfy the requirements of Lopez, 115 S.Ct. at 1631. Because the record reflects that Santiago, a convicted felon, possessed a firearm that had been shipped in interstate commerce, his conviction under § 922(g)(1) is valid.
 
 
 5
 Accordingly, we hereby affirm the district court's judgment.