**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael FERNANDEZ, Defendant–**
**Appellant.**

No. 03–3030.

United States Court of Appeals,
Sixth Circuit.

Sept. 11, 2003.

Sharon L. Long, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Plaintiff–Appellee.

C. Mark Pickrell, Nashville, TN, for Defendant–Appellant.

Before MOORE and GILMAN, Circuit Judges; and MILLS, District Judge.[*]

## ORDER

Michael Fernandez appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

[*] The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

In August 2002, Fernandez pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The district court sentenced Fernandez to a total of 90 months of imprisonment, to be followed by three years of supervised release. Fernandez has filed a timely appeal.

■ On appeal, Fernandez's counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). He submits the following issues for review: 1) whether there was a sufficient factual basis for the guilty plea; 2) whether Congress possessed authority to enact 18 U.S.C. § 922(g); 3) whether this Court may review a sentence within the applicable guidelines range when a defendant has failed to object to the presentence investigation report; 4) whether counsel rendered ineffective assistance; and 5) whether Fernandez's rights under the Double Jeopardy Clause were violated because he was sentenced to a federal sentence for an act that also constitutes a state crime. Fernandez has not responded to his counsel's motion to withdraw.

Upon review, we grant counsel's motion to withdraw as it reflects that counsel has reviewed the entire record and proceedings. The record reflects that the district court properly sentenced Fernandez. A defendant may seek review of his sentence only on the grounds that: 1) the sentence was imposed in violation of law; 2) the sentence was imposed as a result of an incorrect application of the guidelines; 3) the sentence represented an upward departure from the applicable guidelines range; or 4) the sentence is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guidelines. *See* 18 U.S.C. § 3742(a); *United States v. Lively*, 20 F.3d 193, 196–97 (6th Cir.1994); *United States v. Lavoie*,

19 F.3d 1102, 1103 (6th Cir.1994). Fernandez has not presented any issue that fits these criteria. Fernandez's total offense level was 21, his Criminal History Category score was VI, and the resulting guidelines range was 77–96. Thus, Fernandez's sentence of 90 months was within the applicable guidelines range. Absent a claim of specific legal error, this court lacks jurisdiction to review a sentence that falls within the applicable guideline range. *See United States v. Epley*, 52 F.3d 571, 580 (6th Cir.1995); *United States v. Velez*, 1 F.3d 386, 389 (6th Cir.1993).

■ We also conclude that Fernandez's double jeopardy claim is barred by the principle of dual sovereignty. Fernandez argues that he is illegally being convicted in both state and federal courts for the same offense. A prosecution in state court under state law, including a criminal or otherwise punitive proceeding, followed by a prosecution in federal court under federal law, however, does not violate the constitutional prohibition on double jeopardy. *See, e.g., Heath v. Alabama*, 474 U.S. 82, 89, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985); *United States v. Holmes*, 111 F.3d 463, 467 (6th Cir.1997).

■ We decline to address Fernandez's ineffective assistance claim in this direct appeal. As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations. *See United States v. Goodlett*, 3 F.3d 976, 980 (6th Cir.1993). When the record is adequate to assess the merits of the defendant's allegations, however, the court will consider them. *See United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir.1998). The record in this appeal is inadequate to assess the merits of an ineffective assistance of counsel claim.

Fernandez's challenge to the constitutionality of § 922(g) lacks merit. Fernandez argues that Congress did not have constitutional authority to enact 18 U.S.C. § 922. However, the Commerce Clause authorizes Congress "[t]o regulate Commerce with foreign Nations, and among the several states, and with Indian Tribes." U.S. Const. art. I, § 8, cl. 3. Thus, Fernandez's argument is unavailing because it is now clear that the enactment of § 922(g)(1) "represents a valid exercise of legislative power under the Commerce Clause." *United States v. Chesney*, 86 F.3d 564, 568 (6th Cir.1996) (quoting *United States v. Turner*, 77 F.3d 887, 889 (6th Cir.1996)).

Finally, we have reviewed the record and discovered no error warranting reversal of Fernandez's conviction and sentence. Fernandez voluntarily pleaded guilty. A plea of guilty is valid if entered voluntarily, knowingly, and intelligently; its validity is determined under the totality of the circumstances. *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). The record reflects that, during Fernandez's plea hearing, the district court explained the rights that Fernandez was waiving, determined that no additional promises had been made to compel Fernandez to plead guilty, and explained the potential penalty associated with the guilty plea. The district court also determined that Fernandez understood the indictment to which he was pleading guilty. Finally, counsel correctly argues that there was a sufficient factual basis for the guilty plea. The prosecutor stated that had the case gone to trial, the government would have presented evidence establishing that, on February 21, 2002, Fernandez possessed a loaded firearm in Ohio, that the firearm was manufactured outside of the State of Ohio, and that Fernandez had at least one prior conviction for an offense punishable by more than one year of imprisonment. Fernandez acknowledged the accuracy of the summary of the evidence.

Accordingly, we grant counsel's motion to withdraw and affirm the judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.