UNITED STATES of America,
Plaintiff–Appellee,

v.

Paul SINCLAIR, Defendant–Appellant.

No. 02–2429.

United States Court of Appeals,
Sixth Circuit.

April 1, 2004.

Elizabeth A. Stafford, Jennifer J. Peregord, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Richard M. Helfrick, Stacey M. Studnicki, Federal Public Defenders Office, Detroit, MI, for Defendant–Appellant.

Before ROGERS and COOK, Circuit Judges, and SCHWARZER,* Senior District Judge.

SCHWARZER, Senior District Judge.

Paul Sinclair was indicted and tried for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Section

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern
District of California, sitting by designation.

922(g) makes it illegal for felons "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm ... or to receive any firearm ... which has been shipped or transported in interstate or foreign commerce."

Prior to trial, Sinclair moved to dismiss the indictment on the ground that the court lacked jurisdiction because the government's proofs would be insufficient to satisfy the interstate nexus element of § 922(g). The court denied the motion. At trial, Bureau of Alcohol, Tobacco, and Firearms Agent Steve Toth testified that Smith & Wesson guns are manufactured in Massachusetts and, thus, that Sinclair's weapon would have had to cross state lines to get to Michigan where Sinclair was arrested. During cross-examination, Sinclair's attorney asked Toth if he knew how the gun had arrived in Michigan. The prosecutor objected on relevancy grounds. The court sustained the objection, ruling that the proposed line of questioning was "not relevant to the proofs to this trial." The jury returned a guilty verdict and Sinclair timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Sinclair's appeal lacks merit, we affirm.

## DISCUSSION

■ On appeal, Sinclair contends that the district court committed reversible error when it precluded Sinclair from cross-examining a government witness concerning the interstate commerce nexus of the firearm at issue. He concedes that, under our cases, to convict a felon for possessing a firearm under 18 U.S.C. § 922(g), the government need only prove that the fire-arm in question traveled at some time across state lines.[1] *See United States v. Loney*, 331 F.3d 516, 524 (6th Cir.2003); *United States v. Napier*, 233 F.3d 394, 401 (6th Cir.2000); *United States v. Chesney*, 86 F.3d 564, 568–70 (6th Cir.1996); *United States v. Turner*, 77 F.3d 887, 889 (6th Cir.1996). Sinclair nonetheless contends that the district court's refusal to allow questions "about how the firearm affected interstate commerce" violated his Sixth Amendment right to confront his accuser.

Under the Sixth Amendment's Confrontation Clause, a trial court retains discretion to limit the scope of cross-examination based on concerns such as "harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986); *see also Mason v. Mitchell*, 320 F.3d 604, 633 (6th Cir.2003). We review the district court's determination of relevancy for abuse of that discretion. *United States v. Hawkins*, 969 F.2d 169, 174 (6th Cir.1992).

■ To establish the requisite nexus to interstate commerce under § 922(g), the government needed to prove no more than that Sinclair's gun had traveled across state lines, a point Sinclair concedes. Agent Toth testified that it had. The jurisdictional element of § 922(g) makes it illegal for a felon "to ship or transport in interstate or foreign commerce, *or* possess in *or* affecting commerce, any firearm ... *or* to receive any firearm ...." (emphasis added), giving the government other alternatives for establishing the requisite nexus. But here, the indictment charged Sinclair only with possession of a firearm

1. Sinclair acknowledges that this court has previously rejected Commerce Clause challenges to this rule based on *United States v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), and its progeny. We decline his invitation to revisit these decisions.

"having previously traveled in interstate commerce." Because Sinclair did not challenge the evidence supporting that ground, the proposed line of cross-examination was clearly irrelevant. Moreover, given that the jurisdictional element was essentially conceded, any error would have been harmless. *See Van Arsdall*, 475 U.S. at 684, 106 S.Ct. 1431 ("[W]e hold that the constitutionally improper denial of a defendant's opportunity to impeach a witness for bias, like other Confrontation Clause errors, is subject to … harmless-error analysis.").

## CONCLUSION

For the reasons stated, the judgment of the district court is AFFIRMED.