NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0603n.06
Filed: October 7, 2008

No. 08-5166

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| EARL McBEE, | ) | MEMORANDUM |
| | ) | O P I N I O N |
| Defendant-Appellant. | ) | |

BEFORE:    SILER, McKEAGUE, and LUDINGTON, Circuit Judges.[1]

**McKEAGUE, Circuit Judge**.        Earl McBee was arrested and indicted for being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1). He entered a conditional guilty plea, contingent on the preservation of one issue for appeal. He now appeals the district court's denial of his motion to dismiss, challenging the validity of the statute as an exercise of Congress's Commerce Clause power. Because this issue has already been definitively resolved by the Supreme Court and the Sixth Circuit, we affirm the district court's order.

I.

In February 2000, McBee was convicted in Tennessee state court of manufacturing a controlled substance. The penalty for this crime exceeded one year.

---

[1]The Honorable Thomas L. Ludington, United States District Judge for the Eastern District of Michigan, sitting by designation.

Officers of the Grainger County Sheriff's Department arrested McBee on May 22, 2007 while executing an arrest warrant for aggravated assault. McBee was at his home when the officers arrived, and he did not object to being taken into custody. He told the arresting officers that he had firearms and ammunition in his house. He consented to a search of his house, and the officers retrieved a shotgun and a rifle, as well as shotgun ammunition and rifle ammunition. McBee signed a statement saying he owned the firearms and ammunition.

An expert from the Bureau of Alcohol, Tobacco, Firearms, and Explosives determined that the firearms and ammunition were manufactured outside of Tennessee. McBee stipulated to this finding.

McBee entered a conditional guilty plea of being a felon in possession in violation of 18 U.S.C. § 922(g) before the district court. The plea was conditioned on the preservation of the issue of "whether proof that a firearm previously traveled at some time in interstate commerce is sufficient to establish the commerce clause jurisdictional nexus for a conviction to be had under 18 U.S.C. § 922(g)." (Mot. to Dismiss at 1.) The district court denied the motion to dismiss, relying on *Scarborough v. United States*, 431 U.S. 563 (1977). McBee timely appealed the district court order.

**II.**

Stare decisis controls this case. Precedents in both the Supreme Court and the Sixth Circuit directly address the constitutionality of the felon-in-possession statute. McBee asserts that the direction of the Supreme Court's Commerce Clause jurisprudence indicates that the Supreme Court would not find the jurisdictional nexus sufficient. However, this court does not engage in speculation; we are bound by what the Supreme Court has said, not what it might say. "Unless and

until the Supreme Court takes the next step, we are bound to follow its current statement of the law on this subject." *United States v. Beasley*, 442 F.3d 386, 392 n.3 (6th Cir. 2006).

In *Scarborough*, the Supreme Court held that the jurisdictional nexus in the felon-in-possession statute required only "that the firearm have been, at some time, in interstate commerce."[2] 431 U.S. at 574. *Scarborough* found that Congress intended to exert its "full Commerce Clause power" and that "Congress intended no more than a minimal nexus requirement." *Id.* at 571, 577. McBee argues that *Scarborough* involved purely statutory interpretation; nevertheless, *Scarborough* clearly holds that a conviction under the felon-in-possession statute is justified if, as it did here, the firearm had previously traveled in interstate commerce.

The Sixth Circuit squarely addressed the constitutionality of the statute in *United States v. Chesney*, 86 F.3d 564, 570 (6th Cir. 1996). It held that the felon-in possession statute was within the scope of Congress's Commerce Clause power. *Id.* Prior to *Chesney*, the Supreme Court had decided *United States v. Lopez*, which struck down a statute for exceeding the scope of the Commerce Clause. 514 U.S. 549, 567 (1996). *Chesney* applied the *Lopez* analysis to the felon-in-possession statute and held that the jurisdictional nexus of the statute placed the statute squarely within Congress's Commerce Clause powers. 86 F.3d at 570. It found that the nexus connected the statute to the regulation of commerce and ensured a case-by-case analysis of the connection to

---

[2]*Scarborough* involved an earlier version of the felon-in-possession statute, but there are no meaningful differences between the current version and the earlier version at issue in *Scarborough*. *United States v. Chesney*, 86 F.3d 564, 568-69 (6th Cir. 1996).

interstate commerce. *Id.* The *Chesney* court also noted that "the First, Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits" had all reached the same result. *Id.*

McBee can point to no case which calls into question the authority of either *Scarborough* or *Chesney*. Instead, he cites a series of cases in which other circuits note that, whatever their views on the statute, they remain bound by *Scarborough*. *See, e.g.*, *United States v. Patton*, 451 F.3d 615, 634 (10th Cir. 2006); *United States v. Weems*, 322 F.3d 18, 26 (1st Cir. 2003); *United States v. Lemons*, 302 F.3d 769, 773 (7th Cir. 2002); *United States v. Cortes*, 299 F.3d 1030, 1037 n.2 (9th Cir. 2002); *United States v. Shelton*, 66 F.3d 991, 992 (8th Cir. 1995) (per curiam). These cases–and many others–affirm the constitutionality of the felon-in-possession statute and the continuing authority of *Scarborough*. We thus join the chorus of circuits reaffirming the precedential force of *Scarborough* and so **AFFIRM** the district court order.