RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0046p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 17-1166

DONTE TIMOTHY BACON,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:15-cr-00099—Robert Holmes Bell, District Judge.

Decided and Filed: March 8, 2018

Before: COOK, McKEAGUE, and STRANCH, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Stephen Ross Johnson, RITCHIE, DILLARD, DAVIES & JOHNSON, P.C., Knoxville, Tennessee, for Appellant. Justin M. Presant, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.

_____

## OPINION

_____

JANE B. STRANCH, Circuit Judge. Donte Timothy Bacon appeals a district court judgment convicting him of selling a firearm to a prohibited person in violation of 18 U.S.C. § 922(d)(1) and possessing a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). Bacon entered oral guilty pleas to the foregoing charges at his final pretrial conference. The Government agreed to dismiss five other charges as part of Bacon's plea

agreement, which was never committed to writing. Bacon now argues that the district court lacked subject matter jurisdiction, attacks the sufficiency of the Government's evidence, and challenges the constitutionality of the federal criminal statutes under which he was convicted. The Government responds that subject matter jurisdiction exists and that Bacon waived the rest of his arguments by entering an unconditional plea. We **AFFIRM**.

## I. FACTUAL BACKGROUND

A federal grand jury indicted Bacon on seven firearm-related counts in June 2015. Counts 1 through 4 and Count 6 of the indictment alleged Bacon sold firearms to prohibited persons in violation of 18 U.S.C. § 922(d)(1). Counts 5 and 7 charged Bacon with possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k). At Bacon's final pre-trial conference on November 3, 2016, Bacon appeared with counsel and entered oral guilty pleas to Counts 1 and 5. The Government agreed to dismiss the remaining charges in the indictment at the time of sentencing.

Regarding Count 1, Bacon testified at the time of his plea that he "purchased the firearm" and "sold it . . . with reasonable cause to know that [the purchaser was] a felon" on or about August 14, 2014. He sold this firearm from where he lived at the time in Grand Rapids, Michigan. The Government proffered that the person who purchased the firearm covered by Count 1 had been convicted of a felony prior to the sale. Although not an element of the offense stated in Count 1, the Government also proffered that the firearm Bacon sold on August 14 had "traveled in interstate commerce."

Regarding Count 5, Bacon confirmed that he sold a different firearm, a semiautomatic pistol with an obliterated serial number, to a prohibited person on August 29, 2014. This sale took place at the same Grand Rapids house as the August 14 sale. The Government proffered that the firearm in Count 5 "was manufactured in Ohio" and thus "had in fact traveled in interstate commerce before it was sold." Bacon also confirmed that he removed the serial number from the firearm that he sold on August 29. Defense counsel stipulated to all of the facts proffered by the Government and expressly confirmed that Bacon was "satisfied" with the factual record.

On January 25, 2017, the district court sentenced Bacon to sixty months for each offense and ordered that the sentences run concurrently.[1]  The district court entered its judgment the following day, and Bacon filed this timely appeal.

## II.  ANALYSIS

### A.  Subject Matter Jurisdiction

We turn first to Bacon's challenge to the district court's subject matter jurisdiction. "Questions of subject matter jurisdiction are questions of law that are reviewed de novo." *United States v. Bahhur*, 200 F.3d 917, 922 (6th Cir. 2000) (quoting *United States v. Yannott*, 42 F.3d 999, 1003 (6th Cir. 1994)).  Bacon argues that absent a nexus "linking the criminalized conduct . . . to an effect on interstate commerce," jurisdiction is lacking "because Congress has no authority to federally criminalize the conduct."  This argument conflates Congress's power to legislate with the authority of the federal courts to hear cases.  The two issues are distinct.

Although "the interstate commerce element is commonly referred to as a 'jurisdictional element,' the failure of the government to prove a nexus between the crime and interstate commerce is not jurisdictional in a sense that it deprives this court of subject matter jurisdiction." *United States v. Turner*, 272 F.3d 380, 390 (6th Cir. 2001).  The nexus requirement "is jurisdictional only in the sense that without that nexus there can be no federal crime; it does not affect a court's power to adjudicate a case." *United States v. Martin*, 526 F.3d 926, 933 (6th Cir. 2008).  In other words, if Congress acts outside the scope of its authority under the Commerce Clause when enacting legislation, the validity of the statute is implicated, not the authority of the federal courts to adjudicate prosecution of offenses proscribed by the statute.[2]

---

[1]At sentencing there was some discussion of whether Bacon had reason to know that one of the firearms would later be sold in Canada, which Bacon mentions in his brief.  This discussion pertained to a sentencing enhancement.  Bacon has challenged only his conviction, not his sentence, which means the Canada discussion does not bear on our decision.

[2]The Supreme Court's decision in *Torres v. Lynch*, 136 S. Ct. 1619 (2016), on which Bacon relies, does not hold otherwise.  *Torres* instead clarifies that the interstate commerce nexus is a jurisdictional "element" that, like the substantive elements of a federal crime, must be proven. *Id.* at 1624, 1630.

Federal courts have original jurisdiction to adjudicate "all offenses against the laws of the United States." 18 U.S.C. § 3231. Bacon may challenge the district court's subject matter jurisdiction only if he can "establish that the face of the indictment failed to charge the elements of a federal offense." *Martin*, 526 F.3d at 934. Bacon pleaded guilty to violations of 18 U.S.C. § 922(d)(2) and § 922(k), two federal criminal statutory provisions that encompass offenses against the laws of the United States. He nevertheless asserts that "neither the indictment nor the facts supporting the plea and sentence established that the wholly intrastate sale of a firearm had a substantial effect on interstate commerce." This argument misses the mark: The indictment contained all of the requisite elements of both § 922(d)(1) and § 922(k), thus establishing subject matter jurisdiction. *See Martin*, 526 F.3d at 934. This conclusion is underscored by Bacon's "admi[ssion of] the factual basis for jurisdiction as charged in his indictment." *Turner*, 272 F.3d at 390. The district court had subject matter jurisdiction over Bacon's prosecution.

In *Martin* this court construed similar arguments regarding an insufficient interstate commerce nexus as going to the sufficiency of the evidence. 526 F.3d at 933–34. In *Bahhur*, the defendant argued that the court lacked subject matter jurisdiction because the monetary value of his offenses was below the dollar amount listed in the statute. 200 F.3d at 922. There, too, we reframed the jurisdictional argument as "an attack against the sufficiency of the evidence necessary to sustain a conviction." *Id.* We will adopt this approach and reframe Bacon's subject matter jurisdiction arguments as sufficiency of the evidence arguments. (This sufficiency challenge is in addition to his arguments that the applicable federal criminal statutes are unconstitutional.) The Government contends, however, that Bacon waived all of his challenges to his conviction by entering an unconditional plea.

**B. Waiver**

At his final pretrial conference, Bacon entered an oral guilty plea to Counts 1 and 5. Bacon did not reserve on the record any issues for review, nor was his plea agreement reduced to writing. His plea therefore includes neither any explicit waivers, nor any explicit reservation of issues for appeal. The Government argues that this constituted an "unconditional plea" by which Bacon waived all of his non-jurisdictional arguments. As discussed above, Bacon raises no true

jurisdictional claims. Our task is to determine whether Bacon waived or otherwise forfeited his arguments by not raising them below or expressly preserving them.

This court has held that arguments going to the sufficiency of the evidence are waived if not presented to the district court or preserved under Federal Rule of Criminal Procedure 11. *See, e.g.*, *Martin*, 526 F.3d at 931–33 (holding that the defendant waived his right to appeal the sufficiency of the evidence that the firearm traveled in or affected interstate commerce by entering a plea without presenting that argument or reserving it for appeal); *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991) (holding that there exists an "affirmative duty on the defendant to preserve all potential collateral challenges through the preservation mechanism of Rule 11(a)(2)"). Bacon admitted the factual predicate set forth in his indictment. In addition, his counsel stipulated to all of the facts proffered by the government and assured the district court that he was satisfied with the factual record. We thus conclude that Bacon has waived his sufficiency of the evidence arguments.

Bacon's constitutional arguments present a different question. The Supreme Court recently issued a decision in *Class v. United States*, No. 16-424, 2018 WL 987347 (Feb. 21, 2018), a case addressing "whether a guilty plea by itself bars a federal criminal defendant from challenging the constitutionality of the statute of conviction on direct appeal." *Id.* at *4. In *Class*, the defendant raised constitutional challenges to the statute of conviction at a preliminary hearing, but ultimately entered a guilty plea pursuant to a written agreement. *Id.* at *2. Under the terms of his plea agreement, Class waived a number of appellate rights and preserved several others. *Id.* at *3. The agreement was silent on the issue of constitutional challenges. *Id.* The Supreme Court held that such silence did not constitute waiver, determining that a defendant does not "relinquish his right to appeal the District Court's constitutional determinations simply by pleading guilty." *Id.* at *4.

Like Class, the constitutional arguments Bacon mounts "challenge the Government's power to criminalize [Bacon]'s (admitted) conduct," and thus could not "have been cured through a new indictment." *Id.* at *6 (citation and internal quotation marks omitted). Accordingly, Bacon's guilty plea "does not bar a direct appeal in these circumstances." *Id.* This conclusion is not affected by Bacon's failure to raise his constitutional arguments before the

district court. Class did so, but the Supreme Court's decision does not turn on that fact and nothing in the opinion suggests that its holding is limited to cases where the defendant has raised the constitutional challenge before entering a plea. To the contrary, the relevant portion of the Court's analysis relies on a number of cases where that was not true. *Id.* at \*4–\*6 (discussing, e.g., *United States v. Broce*, 488 U.S. 563 (1989); *Blackledge v. Perry*, 417 U.S. 21 (1974); and *Tollett v. Henderson*, 411 U.S. 25 (1973)). Accordingly, pursuant to *Class*'s instructions, we hold that Bacon did not waive his constitutional arguments.

### C. Constitutional Challenges

Bacon raises constitutional challenges to both of the statutory provisions under which he was convicted, 18 U.S.C. § 922(d)(1) and (k). Even though Bacon has not waived these arguments, the standard of review is constrained by his failure to raise these arguments before the district court. "While constitutional challenges are typically reviewed de novo, when the argument was not raised at the district court 'Sixth Circuit precedent requires application of the plain error standard.'" *United States v. Dedman*, 527 F.3d 577, 591 (6th Cir. 2008) (quoting *United States v. Barton*, 455 F.3d 649, 652 (6th Cir. 2006)). Plain error review entails first determining whether there was an error in the district court. *United States v. Martin*, 438 F.3d 621, 628 (6th Cir. 2006) (quoting *United States v. Thomas*, 11 F.3d 620, 630 (6th Cir. 1993)). If there was no error, then the issue has been resolved. *Id.* If there was an error, the reviewing court must next determine whether the error was plain. *Id.* To show plain error, an appellant must establish that "(1) an error occurred; (2) the error was obvious or clear; (3) the error affected his substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Cline*, 362 F.3d 343, 348 (6th Cir. 2004) (citing *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998)). We apply this standard to each of Bacon's constitutional challenges.

### 1. Section 922(d)(1)

Bacon first argues that § 922(d)(1) is unconstitutional because it exceeds Congress's power to legislate under the Commerce Clause, U.S. Const. art. 1, § 8, cl. 3. He premises this argument on the lack of a "jurisdictional element connecting the wholly intrastate sale of a

firearm to a substantial effect on interstate commerce." We addressed the same argument in *United States v. Rose*, 522 F.3d 710, 716–19 (6th Cir. 2008), which Bacon contends conflicts with the Supreme Court's Commerce Clause jurisprudence. In fact, the *Rose* decision is based on and consistent with the very authority on which Bacon relies. *See* 522 F.3d at 717 (discussing *United States v. Lopez*, 514 U.S. 549, 558 (1995)). *Rose* explored the Supreme Court's Commerce Clause jurisprudence and determined that firearm sales under § 922(d)(1) constitute "activities having a substantial relation to interstate commerce," and that "guns are a fungible commodity for which there was an established interstate market." *Id.* at 717–18 (quoting *Lopez*, 514 U.S. at 558–59). *Rose* also concluded that the legislative history of § 922 "support[ed] the logical connection between the intrastate sale and disposition of firearms and the interstate market in firearms." *Id.* at 718. Accordingly, *Rose* held, "§ 922(d)(1) is a proper use of Congress' Commerce Clause power." *Id.* at 719. Our decision in *Rose* controls—and forecloses—Bacon's arguments regarding the lack of an interstate commerce element in § 922(d)(1). Even if we could reconsider the issue, we find no fault in the analysis in that case.

Bacon also contends that his § 922(d)(1) conviction infringes on his Second Amendment right to bear arms—again for the first time on appeal—warranting review for plain error only. Bacon's § 922(d)(1) conviction pertains to the sale of a firearm to a felon. Bacon has not provided and we are unable to find any historical indication that the Second Amendment encompasses such sales. All of the relevant caselaw supports the opposite conclusion. *See, e.g.*, *D.C. v. Heller*, 554 U.S. 570, 626–27 (2008) ("[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . or laws imposing conditions and qualifications on the commercial sale of arms."); *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010) ("After *Heller*, this Court affirmed that prohibitions on felon possession of firearms do not violate the Second Amendment."). We therefore find that the district court did not plainly err by accepting Bacon's plea in Count 1 for a violation of § 922(d)(1).**[3]**

---

**[3]**Although the briefing is somewhat confusing, Bacon's specific Second Amendment arguments appear only in the section of his brief pertaining to § 922(d)(1). Even if he had raised Second Amendment arguments regarding § 922(k), we are persuaded by the Third Circuit's analysis in *United States v. Marzzarella*, 614 F.3d 85,

2. Section 922(k)

Similar to his interstate commerce challenges to § 922(d)(1), Bacon asserts that § 922(k) is invalid because "the mere fact that a firearm has, at some point, crossed state lines should not suffice to give Congress the power to criminalize the possession of a firearm with serial numbers that have been removed." Travel in interstate commerce is an express element of § 922(k) (covering firearms that have "at any time, been shipped or transported in interstate or foreign commerce"). This court has held with respect to a related subsection, § 922(g), that "[r]equiring the government in each case to prove that a felon has possessed a firearm 'in or affecting commerce' ensures that the firearm possession in question affects interstate commerce and saves [the provision]." *United States v. Turner*, 77 F.3d 887, 889 (6th Cir. 1996); *see also United States v. Chesney*, 86 F.3d 564, 568 (6th Cir. 1996) (noting that the First, Second, Third, Fourth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits have reached the same conclusion on § 922(g)); *United States v. McBee*, 295 F. App'x 796, 798 (6th Cir. 2008) (reaffirming *Chesney*'s Commerce Clause holding). The same principle applies to § 922(k): the interstate commerce element, which Bacon admitted when entering his plea, ensures that the firearm in question affects interstate commerce and saves the statute from any jurisdictional defects. The district court did not err by accepting Bacon's plea in Count 5 for a violation of § 922(k), and we therefore need not address the other requirements of plain error review.

In sum, none of Bacon's constitutional arguments supports a finding that the district court erred. These arguments therefore do not undermine his convictions.

### III. CONCLUSION

Under Sixth Circuit precedent, Bacon's subject matter jurisdiction arguments fail, even when construed as challenges to the sufficiency of the evidence. Bacon waived these arguments by failing to present them below or to preserve them for appeal, and his constitutional arguments are unavailing. We accordingly **AFFIRM** Bacon's convictions.

---

100 (3d Cir. 2010) (rejecting a defendant's Second Amendment challenge and finding that "§ 922(k) would pass muster under either intermediate scrutiny or strict scrutiny").