NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0103n.06

Case No. 21-3087

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Mar 07, 2022<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| JEVONN GOOLSBY, | ) | |
| Defendant-Appellant. | ) | |

Before: WHITE, THAPAR, and LARSEN, Circuit Judges.

THAPAR, Circuit Judge. After pleading guilty, Jevonn Goolsby appeals his conviction for possession of ammunition by a felon in violation of 18 U.S.C. § 922(g)(1).[1] First, he argues that his conviction should be vacated because section 922(g)(1) violates the Commerce Clause. Second, he contends that it infringes on his Second Amendment right. But our precedent forecloses both arguments. Thus, we affirm.

I.

"Crime and firearms form a dangerous mix." *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (Kavanaugh, J., dissenting). And that's especially true when it comes to repeat offenders. *See, e.g.*, U.S. Sentencing Comm'n, *Recidivism Among Federal Violent Offenders* 11 (2019) (noting that the rearrest rate for all violent offenders was 63.8 percent). With that in mind,

---

[1] Goolsby also pleaded guilty to being a felon in possession of ammunition under 18 U.S.C. §§ 922(g)(9) and 924. But he does not challenge these convictions, so we do not consider them.

Congress passed section 922(g)(1) to prohibit felons from possessing a firearm or ammunition that has traveled in interstate or foreign commerce.

Goolsby's prior felony convictions for robbery and aggravated robbery ensured he fell squarely within the law's reach. And after police officers in Akron, Ohio, found him with a Hi-Point C9 pistol (the serial number scratched out) and seven rounds of ammunition, he pled guilty to a charge of felon in possession of ammunition.[2] The district court sentenced him to 115 months of imprisonment with three years of supervised release to follow. He appealed.

## II.

We take Goolsby's twin constitutional challenges in turn. And as he failed to raise either argument below, we review these claims for plain error. *United States v. Bacon*, 884 F.3d 605, 610 (6th Cir. 2018).

## A.

Begin with his Commerce Clause challenge. Goolsby contends that the Commerce Clause does not empower Congress to pass section 922(g)(1). To thwart his conviction, Goolsby points to the Supreme Court's decision in *United States v. Lopez*, 514 U.S. 549 (1995). In *Lopez*, the Court held that 18 U.S.C. § 922(q), a law which prohibited the possession of firearms near a school zone, was an unconstitutional extension of Congress's powers under the Commerce Clause. *Id.* at 551. According to Goolsby, what was fatal to section 922(q) must also be fatal to section 922(g)(1).

But we do not write on a clean slate here—far from it. Since *Lopez* came down almost three decades ago, our court has repeatedly upheld section 922(g)(1) as a valid exercise of

---

[2] The government only charged Goolsby for the ammunition. While much of our caselaw focuses on firearms rather than ammunition, this distinction makes no difference here because section 922(g)(1) prohibits felons from possessing either.

legislative power under the Commerce Clause. *See, e.g.*, *United States v. Chesney*, 86 F.3d 564 (6th Cir. 1996); *United States v. Turner*, 77 F.3d 887 (6th Cir. 1996). Those cases recognized that section 922(g)'s explicit jurisdictional nexus—which requires the government to prove in each case that the defendant possessed a firearm or ammunition "in or affecting commerce"—satisfied the Court's requirement that the law have some connection to interstate commerce. *Chesney*, 86 F.3d at 568–69; *Turner*, 77 F.3d at 889. And we're not the only court to reject this challenge— indeed, every circuit to confront the question has come out the same way.[3] And that shouldn't surprise anyone. After all, *Lopez* itself distinguished section 922(g)(1)'s predecessor from the school-zone provision it held invalid. *See Lopez*, 514 U.S. at 561–62; *see also Chesney*, 86 F.3d at 568–69; *Turner*, 77 F.3d at 889 (noting that *Lopez* "strongly implies" that the jurisdictional element in provisions like section 922(g) is sufficient).

Faced with this tsunami of precedent, Goolsby offers two responses. First, he points to three Supreme Court cases that purportedly extend *Lopez*. *See United States v. Morrison*, 529 U.S. 598 (2000); *Jones v. United States*, 529 U.S. 848 (2000); *Gonzales v. Raich*, 545 U.S. 1 (2005). But these cases do not help him. For starters, they operate within the *Lopez* framework and do not alter the "jurisdictional nexus" analysis discussed above. And more to the point, nothing in these cases casts doubt on *Lopez*'s endorsement of section 922(g)(1)'s predecessor provision. So this court has continued to reject Commerce Clause challenges to section 922(g)(1) even after those

---

[3] *See, e.g.*, *United States v. Bennett*, 75 F.3d 40, 49 (1st Cir. 1996); *United States v. Sorrentino*, 72 F.3d 294, 296 (2d Cir. 1995), *overruled on other grounds by United States v. Abad*, 514 F.3d 271, 274 (2d Cir. 2008); *United States v. Singletary*, 268 F.3d 196, 205 (3d Cir. 2001); *United States v. Wells*, 98 F.3d 808, 811 (4th Cir. 1996); *United States v. De Leon*, 170 F.3d 494, 499 (5th Cir. 1999); *United States v. Lemons*, 302 F.3d 769, 772–73 (7th Cir. 2002); *United States v. Shelton*, 66 F.3d 991, 992 (8th Cir. 1995) (per curiam); *United States v. Hanna*, 55 F.3d 1456, 1462 (9th Cir. 1995); *United States v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995); *United States v. McAllister*, 77 F.3d 387, 389 (11th Cir. 1996).

cases came down. *See, e.g.*, *United States v. Henry*, 429 F.3d 603, 619–20 (6th Cir. 2005); *United States v. McBee*, 295 F. App'x 796, 798 (6th Cir. 2008).

Second, Goolsby says we should revise our caselaw given broader doctrinal developments. Specifically, he cites two cases that allegedly free us from our on-point precedent. In *United States v. Brown*, we analyzed the constitutionality of a law criminalizing the production of child pornography transported in interstate commerce. 327 F. App'x 526 (6th Cir. 2006) (per curiam). As Goolsby points out, we upheld that law only after noting that the existence of a jurisdictional element "standing alone" does not automatically insulate a statute from a searching analysis under the Commerce Clause. *See id.* at 532. And in a thoughtful Tenth Circuit opinion, Judge McConnell upheld a statute banning felons from possessing bulletproof vests only after identifying a "considerable tension" between the *Lopez* test and pre-*Lopez* precedent that directly controlled. *United States v. Patton*, 451 F.3d 615, 636 (10th Cir. 2006). But in our circuit, a prior panel's holding is binding on all later panels "unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *United States v. Napier*, 233 F.3d 394, 397 (6th Cir. 2000) (citation omitted). Since Goolsby cannot cite any such authority, we lack the license to depart from our precedent.

Goolsby also brings an as-applied Commerce Clause challenge. He contends that the government must prove that his seven rounds of ammunition made a substantial mark on interstate commerce. But we have repeatedly seen and denied such claims as well. In *Chesney*, for instance, we held that the defendant's "stipulation that the gun had been transported in interstate commerce" was enough to satisfy section 922(g)(1)'s jurisdictional element. 86 F.3d at 572. The same applies here. During his plea colloquy, Goolsby confirmed that his ammunition traveled in interstate commerce. That alone sinks his as-applied challenge.

B.

Goolsby next launches an as-applied Second Amendment challenge. Relying on the Supreme Court's decision in *District of Columbia v. Heller*, he argues that section 922(g)(1) abridges his Second Amendment right to possess a firearm and ammunition for self-defense. 554 U.S. 570 (2008). We disagree. And once more, precedent paves our path.

Of course, Goolsby is right to start with *Heller*. But he is wrong to think that *Heller* helps him. Although *Heller* recognized the fundamental right of law-abiding citizens to keep and bear arms, it also declined to "cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 626. Indeed, *Heller* went as far as to consider these prohibitions "presumptively lawful." *Id.* at 627 n.26. Pointing to this language, we have repeatedly found that "prohibitions on felon possession of firearms do not violate the Second Amendment." *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010); *see also United States v. Whisnant*, 391 F. App'x 426, 430 (6th Cir. 2010); *United States v. Khami*, 362 F. App'x 501, 507 (6th Cir. 2010). In reaching this conclusion, we have emphasized the government's "compelling" interest in "protecting the community" by "keep[ing] firearms out of the hands of presumptively risky people." *Tyler v. Hillsdale Cnty. Sheriff's Dep't*, 837 F.3d 678, 693–94 (6th Cir. 2016) (en banc) (lead opinion) (citation omitted).

In an effort to end-run this precedent, Goolsby brings his claim as an as-applied challenge on the ground that he needed a firearm to protect himself from a credible threat of violence. But that framing doesn't help him. We are reviewing his claim for plain error after all, and he identifies no decision of this court (or any other) holding that a heightened personal need for self-defense trumps the government's interest in public safety. *See United States v. Olano*, 507 U.S. 725, 734 (1993) (noting that plain errors must be "clear" or "obvious"). Moreover, his criminal history

includes two convictions for robbery and a separate conviction for domestic violence. No one can doubt that the government "stand[s] on solid footing" when it disarms violent felons such as Goolsby. *Kanter v. Barr*, 919 F.3d 437, 451 (7th Cir. 2019) (Barrett, J., dissenting) (arguing that § 922(g)(1) was unconstitutional as applied to a nonviolent felon); *see also Stimmel v. Sessions*, 879 F.3d 198, 209 (6th Cir. 2018).

\* \* \*

We affirm.