NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0462n.06

Case No. 24-4088

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Oct 14, 2025

KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KALIB TUCKER,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

O P I N I O N

Before: NALBANDIAN, MATHIS, and RITZ, Circuit Judges.

**NALBANDIAN, Circuit Judge.** Kalib Tucker has a lengthy and serious criminal history, including multiple felony convictions. In this case, he possessed a handgun despite his status as a felon, so the government charged him under the federal felon-in-possession statute. He pleaded guilty. Now Tucker raises procedural and substantive challenges to his sentence. He also contends that the felon-in-possession statute is unconstitutional as applied to him. We find his challenges meritless and affirm.

**I.**

2014 was a busy year for Tucker. He fired several rounds into an Akron, Ohio home with four inhabitants inside—seemingly a gang-related drive-by shooting. He also broke into a victim's home and punched her in the face repeatedly before fleeing on foot. He served an eight-year sentence for several state-law crimes related to the shooting and a concurrent three-year sentence for the burglary.

Tucker got out of prison in January 2023. Eight months later, his parole officer discovered that Tucker had uploaded a contact photo of himself with a firearm in his pocket. Tucker is a felon and cannot possess a firearm under federal law. Police officers searched his residence and found a loaded Glock pistol with ammunition and a speed loader, as well as fentanyl pills, psilocybin mushrooms, and marijuana. Possession of this contraband violated the terms of Tucker's Ohio parole. So he served a 270-day prison sanction for the parole violation. And federal authorities arrested him for the instant offense upon his release.

Tucker repeatedly violated prison rules in pretrial detention. He was insubordinate. He hung a sheet to block the view into his cell. He smoked unknown substances. And he masturbated while staring at a female officer.

The government charged Tucker with possessing a firearm and ammunition as a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). He entered into a plea agreement under Fed. R. Crim. P. 11(c)(1)(B). The government stipulated to a Guidelines offense level of 17 but advised Tucker that "the [c]ourt alone will decide . . . what sentence to impose." R.14, Plea Agreement, PageID 42–43.

At Tucker's change-of-plea hearing, the district court explained to him that "[i]n addition to the [G]uidelines," the court is "required to consider the nature and circumstances of the offense," his "family ties, employment, health," and "of course, prior history." R.41, Change of Plea Hrg. Tr., PageID 198. Tucker stated that he understood this explanation. The district court estimated a Guidelines range of 27 to 33 months based on the stipulated offense level. But the court cautioned Tucker that its estimate might not "be the final . . . calculation." *Id.* at PageID 200.

Before sentencing, the district court informed the parties that it was considering an upward departure. It repeated this point at the sentencing hearing. Tucker presented mitigation arguments.

But the court explained why a Guidelines sentence was insufficient. It pointed to Tucker's quick return to criminal activity, his possession of the other contraband items (including fentanyl), his behavior in pretrial detention, and the danger he posed to the community. The court also noted Tucker's difficult upbringing, addictions, limited education, and mental health problems. But it concluded that this was no "mine run" felon-in-possession case given his violent history and his inability to "follow the rules while he's in custody, let alone when he's back on the street." R.36, Sentencing Tr., PageID 170. The court varied upward from offense level 17 to 21 and imposed a sentence of 57 months. It issued a written judgment and a statement of reasons.

This appeal followed.

## II.

Tucker raises procedural and substantive challenges to his sentence. We generally "first address the procedural reasonableness of a sentence and do not analyze its substantive reasonableness unless the sentence is procedurally sound." *United States v. Adams*, 873 F.3d 512, 520 (6th Cir. 2017) (internal quotation marks omitted).

## A.

So we start with Tucker's procedural challenges. We normally review specific challenges to a sentence's reasonableness for an abuse of discretion. *United States v. Johns*, 65 F.4th 891, 893 (6th Cir. 2023). But here, Tucker failed to raise any specific, procedural-error objections. After imposing the sentence, the district court asked if there were "any objections, corrections, any arguments not previously raised [the court] can address?" R.36, Sentencing Tr., PageID 174–75; *see generally United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004). Tucker objected only generally.

Because Tucker "objected broadly to all aspects of his sentence without making any particular objections," we review his procedural challenges for plain error. *United States v. Johnson*, 627 F.3d 578, 585 (6th Cir. 2010). So he must show "(1) an error, (2) that was obvious or clear, (3) that affected [his] substantial rights, and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Bauer*, 82 F.4th 522, 530 (6th Cir. 2023).

Tucker argues that the district court procedurally erred by failing to explain how it arrived at the new offense level. But the court offered plenty of reasons. It cited Tucker's return to criminal activity upon release, his possession of the other contraband, his behavior in custody, and his dangerousness. And it observed that a lesser sentence would fail to impress on Tucker the need to "comply with the rules." R.36, Sentencing Tr., PageID 172. That explanation suffices. *See United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (finding the district court's stated need to "protect the public," "deter others from following [the defendant's] path," and reflect the seriousness of the conduct to be "legitimate explanations" for its upward variation).

Tucker also contends that the district court failed to fully consider the 18 U.S.C. § 3553(a) factors. We're not convinced. The court explicitly addressed various § 3553(a) factors before arriving at its sentence. It considered deterrence and public protection, citing Tucker's litany of violent offenses and his misconduct in custody. The court weighed mitigating factors, such as Tucker's harsh upbringing, his mental health challenges, and his desire to support his daughter. It also considered sentencing disparities. But the court concluded that only an above-Guidelines sentence captured the severity of Tucker's conduct. We see no reason to disturb this conclusion. *See Rita v. United States*, 551 U.S. 338, 356 (2007) (finding that the district court "properly

analyzed the relevant sentencing factors" where the judge "considered the parties' arguments and ha[d] a reasoned basis for exercising his . . . authority").

Separately, Tucker argues that his sentence is procedurally infirm because the district court didn't provide a written statement of reasons explaining its upward departure. But it did.[1] So this argument has no merit. In addition to stating "in open court the reasons for its imposition of [a] particular sentence," a district court must state "the specific reason for the imposition of" an above-Guidelines sentence in a statement-of-reasons form. 18 U.S.C. § 3553(c). Here, the district court provided a written statement in addition to its lengthy explanation at sentencing. It reasoned that Tucker "quickly returned to crime," and that "[f]entanyl was found in his home as well as a speed loader." R.32, Statement of Reasons, PageID 151. It also considered Tucker's behavior in custody. That suffices. *See United States v. Mitchell*, 107 F.4th 534, 542 (6th Cir. 2024) (finding that the district court "adequately explained its rationale for varying upwards" by pointing to the

---

[1] The district court did not err in providing a statement of reasons, so Tucker's challenge here lacks merit. But it's unclear whether the plain-error standard of review should apply with respect to this challenge. Under *United States v. Bostic*, a defendant forfeits his procedural challenge when he fails to make that specific objection in front of the district court—the consequence is that his challenge on appeal is subject to plain-error review. *See generally* 371 F.3d 865 (6th Cir. 2004).

But a trial judge doesn't issue a written statement of reasons until after the sentencing hearing. *See* 18 U.S.C. § 3553(c)(2). So a requirement that an objection be raised at the sentencing hearing itself makes little sense. After all, the contemporaneous objection requirement is mainly designed to allow district judges to correct procedural errors before they get to us.

Perhaps a defendant should still have to raise the lack of a statement of reasons in the district court sometime after the district court is supposed to issue the written statement, but that's not before us. *See United States v. Padilla*, 2023 WL 8108463, at *1 (9th Cir. Nov. 22, 2023) (stating that plain error applies but without stating when and how a defendant should raise the objection).

It may also not matter—at least where a district court gives a "comprehensive explanation of reasons in open court." *United States v. Pedroza-Orengo*, 817 F.3d 829, 837 (1st Cir. 2016). In that case, even under abuse of discretion, the error is likely harmless. *Id.*; *see also United States v. Vázquez–Martínez*, 812 F.3d 18, 25 (1st Cir. 2016).

defendant's "possession of narcotics during his arrest, his criminal history, juvenile-crime record, [and] poor institutional adjustment to incarceration").

We see no procedural error in the sentence, much less a plain one.

**B.**

Tucker also raises a substantive challenge to his sentence. Substantive reasonableness differs from its procedural cousin. It's not a complaint "that the district court failed to consider a factor or considered an inappropriate factor." *Id.* at 544 (internal quotation marks omitted). "It's a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others." *Id.* (internal quotation marks omitted). We review a sentence's substantive reasonableness for an abuse of discretion. *Rayyan*, 885 F.3d at 442. And although we presume that within-Guidelines sentences are reasonable, we don't presume that above-Guidelines sentences are unreasonable. *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007).

Tucker argues that the district court failed to fully analyze several § 3553(a) factors related to his personal, educational, and mental health background. Again, we're not convinced. The district court considered Tucker's turbulent upbringing in noting that "there are certain mitigating factors," but concluded that the needs for deterrence and to protect the public outweighed them. R.36, Sentencing Tr., PageID 171–72. It also considered sentencing disparities, but concluded that an average sentence would be "woefully inadequate." *Id.* at PageID 172. A district court "need not engage in a formulaic point-by-point refutation of a defendant's mitigation arguments" so long as it "conducts a meaningful sentencing hearing." *United States v. Sweeney*, 891 F.3d 232, 239 (6th Cir. 2018) (cleaned up). That's what happened here. The district court didn't abuse its discretion. Tucker's sentence is substantively reasonable.

**III.**

Separately, Tucker contends that the federal felon-in-possession statute is unconstitutional as applied to him. Because he didn't raise this argument at the district court, we review for plain error. *United States v. Bacon*, 884 F.3d 605, 610–11 (6th Cir. 2018).

In *United States v. Williams*, we held that 18 U.S.C. § 922(g) is constitutional on its face. 113 F.4th 637, 662–63 (6th Cir. 2024). But we considered "this Nation's historical tradition of firearm regulation" to conclude that "§ 922(g)(1) might be susceptible to an as-applied challenge in certain cases." *Id.* at 644, 657. We expressed our concern with "complete deference to legislative line-drawing" and urged courts to "focus on each individual's specific characteristics," including the "entire criminal record." *Id.* at 657, 660. We identified a few historical categories to guide this approach. Relevant here are "crimes against the person," like "murder, rape, assault, and robbery," and crimes that "pose a significant threat of danger," like burglary. *Id.* at 658–59. These two categories of crimes often "justify a finding of danger"—and crimes against the person are all but dispositive. *Id.* We trust district courts to consider dangerousness on an individual basis, "much like the officials of old." *Id.* at 657.

Tucker didn't raise his as-applied challenge at the district court, but we have little trouble concluding from his extensive criminal record that he is a dangerous felon. Tucker once "shot several rounds" into an occupied home. R.28, Presentence Report, PageID 122. That's felonious assault. A different time, he "forced his way into [a victim's] house and punched her repeatedly in the face." *Id.* at PageID 121. That's burglary. It's also a crime against the person. *See Williams*, 113 F.4th at 658–59 (finding that burglary creates at least the "possibility of a violent confrontation," but crimes like assault and robbery are quintessential "crimes against the person"); *Offense Against the Person*, Black's Law Dictionary (12th ed. 2024) (listing battery and false

7

imprisonment). This pattern of violent crime is practically "dispositive" of Tucker's status as a dangerous felon. *Williams*, 113 F.4th at 658. Tucker admits as much.

But he would have us consider that he spent most of his adult life behind bars, that he committed his violent crimes at a young age, and that the instant offense was non-violent. All this may be true, but our constitutional analysis doesn't demand that we consider these characteristics. Our command is to consider whether Tucker is a dangerous felon. We conclude that he is.

Alternatively, Tucker asserts that he received ineffective assistance of counsel because his attorney failed to raise an as-applied challenge following our decision in *Williams*. But we shouldn't decide this claim today. A motion under 28 U.S.C. § 2255 is "generally the preferred mode for raising" an ineffective-assistance claim. *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012). So "our typical approach" for ineffective-assistance claims on direct appeal is to "decline to address such claims unless trial counsel's ineffectiveness is apparent from the record." *United States v. Burrell*, 114 F.4th 537, 548 (6th Cir. 2024) (cleaned up). And because the record was "not developed for the purpose of litigating" Tucker's ineffective-assistance claim, we "cannot address that issue at this time." *United States v. Walden*, 625 F.3d 961, 967 (6th Cir. 2010).

**IV.**

For these reasons, we affirm.